UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DARDEN and ELIZABETH SHARP,　　　　　　　　　　No. 09-13980

　　　　　　　　　　Debtor(s).
_____/

DARDEN and ELIZABETH SHARP,

　　　　　　　　　　Plaintiff(s),

v.　　　　　　　　　　　　　　　　　　　　　　　　A.P. No. 10-1032

AXIOM MORTGAGE BANKERS
CORPORATION, et al.,

　　　　　　　　　　Defendant(s).
_____/

## Memorandum on Motion to Dismiss

The amended complaint of plaintiffs Darden and Elizabeth Sharp is a 50-page tome and a classic example of the mud-on-the-wall theory of legal draftsmanship. Ignoring the basic principles of federal notice pleading, it reads more like a brief than a complaint. However, like most such complaints, it is easily distilled.

The complaint alleges that by misrepresentation and failure to properly disclose defendant Axiom Mortgage Bankers Corporation duped the Sharps into making a home loan from it. The loan was then transferred first to Washington Mutual Bank and then to defendant JP Morgan Chase Bank, N.A. ("Chase"). It alleges that Chase's pending foreclosure proceedings are defective because the assignment of the note to Chase was not proper and the proper steps were not taken to make defendant California Reconveyance Company ("CRC") the trustee under the deed of trust. It also alleges that Chase did not give the Sharps proper credit for payments they made. While the complaint contains 13 "claims for relief," they are just different legal theories arising out of these basic claims.

Chase and CRC have moved for dismissal of the complaint. The complaint cannot be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as its allegations must be taken as true. However, the court can treat the motion as one for summary judgment under Rule 56 where there are clear grounds. The court elects to do so here in order to partially resolve the case and scrape a lot of mud off the wall.

Chase had no involvement in the making of the loan and merely acquired it in 2008 from the Federal Deposit Insurance Corporation, which had seized Washington Mutual. Chase's agreement with the FDIC provides that it is not responsible for any claims arising out of loans made or held by Washington Mutual. These facts, which appear indisputable,[1] mean that Chase has no liability to the Sharps for any of the alleged acts of either Axiom or Washington Mutual. *Yeomalkis v. F.D.I.C.,* 562 F.3d 56, 60 (9th Cir. 2009); *Rosenfeld v. JPMorgan Chase Bank, N.A.,* --- F.Supp.2d ----, 2010 WL 3155808 (N.D.Cal.2010); *Federici v. Monroy*, 2010 WL 1345276 (N.D.Cal. 2010); *Newbeck v. Washington Mut. Bank*, 2010 WL 3222174 (N.D.Cal. 2010)["the FDIC, not Chase, is the real party in interest concerning borrowers' claims arising from loans made or held by Washington Mutual."]; *Danilyuk v. JP Morgan Chase Bank, N.A.*, 2010 WL 2679843*4 (W.D.Wash.,2010).

The court simply does not buy the Sharps' argument that Chase is not protected by the FDIC agreement because it did not prove that the loan was properly transferred from Axiom to Washington Mutual. The purpose of the agreement is to facilitate disposition of the assets of a failed bank. That purpose is thwarted if the successor bank can be liable for any loans held by the failed bank which were not properly transferred to the failed bank. The court therefore interprets the term "held" in the agreement broadly enough to include all loans on the books of the failed bank, whether or not the transfer to the failed bank was defective. Accordingly, the Sharps' claims lie with the FDIC, not Chase.

---

[1] ,Because the document contain facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," the Court grants Chase's request to take judicial notice of it.. Fed.R.Evid. 201(b).

2

The complaint itself demonstrates that the Sharps' Truth In Lending Act (TILA) claim is time-barred. That claim will be dismissed.

That leaves the Sharps only with claims that the transfer to Chase was defective, that CRC was not a lawful trustee under the deed of trust, and that payments they made were not properly credited. The court cannot resolve these matters on a motion to dismiss, and cannot grant summary judgment because there are no declarations establishing the necessary facts. Accordingly, the court will enter an order summarily dismissing all claims against Chase and CRC[2] except the claim that the pending foreclosure proceedings may not continue due to defects in the transfers of the note and deed of trust and defective designation of CRC as the trustee under the deed of trust, and the claim that the Sharps have not been given proper credit for their payments. Counsel for Chase shall submit an appropriate form of order.

Dated: September 6, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] The court dismisses the claims as to CRC because none of the allegations in the complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See *Moncrief v. Washington Mut. F.A.*, 2010 WL 2605797 (S.D.Cal.2010).

3