UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DARDEN and ELIZABETH SHARP,                    No. 09-13980

Debtor(s).
_____/

DARDEN and ELIZABETH SHARP,

Plaintiff(s),

v.                                             A.P. No. 10-1032

AXIOM MORTGAGE BANKERS
CORPORATION, et al.,

Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

I.  Background

       The amended complaint of plaintiffs Darden and Elizabeth Sharp alleged that by

misrepresentation and failure to properly disclose defendant Axiom Mortgage Bankers Corporation

duped the Sharps into making a home loan from it.  The loan was then transferred first to Washington

Mutual Bank and then to defendant JP Morgan Chase Bank, N.A. ("Chase").   It alleges that Chase's

pending foreclosure proceedings are defective because the assignment of the note to Chase was not proper and the proper steps were not taken to make defendant California Reconveyance Company ("CRC") the trustee under the deed of trust. It also alleges that Chase did not give the Sharps proper credit for payments they made.

The court granted Chase's motion to dismiss most of the claims against it, holding that because Chase had acquired the loan from the Federal Deposit Insurance Corporation, which had seized the assets of Washington Mutual, Chase was not liable for any misconduct of Washington Mutual or its predecessors in interest. Only three claims remained to be litigated: that there were defects in the transfers of the note and deed of trust, that there was defective designation of CRC as the trustee under the deed of trust, and the claim that the Sharps have not been given proper credit for their payments. Chase's motion for summary judgment on these claims is now before the court.

II. Transfer of the Note and Deed of Trust

The declaration of Eric Waller filed by Chase in support of its motion clearly shows that Chase is the lawful holder of the note and deed of trust. They were transferred to Washington Mutual by Allonge signed by the president of Axiom Mortgage Bankers Corporation on March 24, 2006, and acquired by Chase pursuant to its agreement with the FDIC.[1] Plaintiffs' only response to this document seems to be to ignore its existence. Plaintiffs have shown no triable issue of fact on the issue of Chase's lawful ownership of their note and the deed of trust.

Plaintiffs base their argument that the designation of CRC as trustee was defective on a television program "that aired on CBS on April 3, 2011" as if that would have any meaning whatsoever to the court. They have produced no declarations to counter the affirmative declaration of a vice president of Chase that she was also a vice president of Mortgage Electronic Registration

---

[1]The court takes judicial notice of the agreement between Chase and the FDIC, as it may pursuant to Fed.R.Evid. 201(b). *Rosenfeld v. JP Morgan Chase Bank, N.A.,* 732 F.Supp.2d 952, 959 (N.D.Cal. 2010).

2

Systems, Inc., and that on July 31, 2009, pursuant to her authorized duties, she assigned the deed of trust to Chase and substituted CRC as the trustee.

Plaintiffs base their opposition to the motion on some sort of inference to be draw from other, totally unrelated cases. They argue that the signatures of the same vice president are "blatantly and grossly different than her signature on other foreclosure documents throughout the state of California.." It appears that they want the court to infer that this is some sort of evidence of wrongdoing and that it somehow taints the validity of the documents in this case. There is no support in the law for either inference.

First, plaintiffs produce no evidence that the signatures in the other cases are invalid. Delegation of responsibilities, including signature authorization, is a common and lawful practice.

Second, there is no basis for Plaintiffs' assertion that different signatures in other cases raises "a triable issue of material fact as to whether the signatures [in this case] are authentic signatures." The only issue in this case is whether the documents in this case are valid. It is not the place of either Plaintiffs or the court to punish Chase for things supposedly done to other people in other cases. Plaintiffs have produced nothing to refute the affirmative declaration that in this case the assignment and trustee designation were signed by the person named as the signatory.


III. Designation of Trustee

Plaintiffs' last gasp regarding technical deficiencies is their argument that Chase's vice president could not have validly designated CRC as trustee under the deed of trust because she did not become vice president until after the date of the designation. Plaintiffs point only to a discovery response from Chase to stating that she became vice president in 2010 and could therefore not have validly executed the designation in 2009.

However, Plaintiffs ignore Chase's amended discovery response in which it explains that the vice president was first appointed in 2008, the day after Chase acquired the assets of Washington Mutual, and was re-appointed in 2010. This is entirely consistent with the vice president's own

3

declaration that she was a vice president of Chase when she signed the trustee designation.

Plaintiffs argue that even with the explanation there is still a triable issue of fact due to the initial discovery response. However, the court is satisfied that it has all of the evidence on the issue that exists. Since the trial is to be a bench trial, the court has no difficulty in finding that the designation of trustee was validly signed by a vice president of Chase. If there is no further evidence on the issue and the trial is to be a bench trial, the court may summarily interpret and evaluate evidence in order to derive legal conclusions. Schwarzer, *The Analysis and Decisions of Summary Judgment Motions* (Federal Judicial Center 1991), p. 39. "[W]here the ultimate fact in dispute is destined for decision by the court rather than by a jury, there is no reason why the court and the parties should go through the motions of a trial if the court will eventually end up deciding on the same record." *Transworld Airlines v. American Coupon Exchange,* 913 F.2d 676, 684 (9th Cir. 1990).

IV.   Credit for Payments

The only issue raised by Plaintiffs in their complaint which seemed to merit legitimate concern was their allegation that they had made payments for which Chase had failed to account. It turns out that this claim is as lacking in merit as the rest of the complaint.

In response to written discovery, Plaintiffs listed their monthly payments made April 2006 through November 2008. Also through discovery, Chase provided a copy of Chase's accounting, through which it demonstrated that each of Plaintiffs' monthly payments from April 2006 through November 2008 were applied to Plaintiffs' account. The discovery shows that there is no dispute whatsoever as to the number or amount of payments.

Plaintiffs now argue that it is not the number or amount of each payment that they dispute. They now argue that "the payments made by the Sharps were not and have never been applied to principal on the loan. This directly contradicts the language of the Promissory Note and the understanding of the Sharps." Plaintiffs go on, "Specifically, one can see by reviewing the application of payments

4

that payments were never applied to principal. The payments were first applied to interest and every month the balance of the loan grew increasingly greater rather than decreasing.

However, in their complaint, Plaintiffs allege that the loan was "a 'Stated Income Loan' with negative amortization...."[2] By definition, a negative amortization loan means that introductory payments will not be applied to principal, and instead the principal will continue to grow until such time as the payment amounts are adjusted to an amount greater than the minimum interest amount due. When considered alongside Plaintiffs' complaint, Plaintiffs' argument about misapplication of the loan payments becomes nonsensical.

V.  Conclusion

The court finds that there is no triable issue of material fact in this adversary proceeding. The transfers of the note and deed of trust to Chase were lawful, as was the designation of CRC as the trustee under the deed of trust. Chase has accounted for and properly allocated all of the payments made by Plaintiffs. Accordingly, Chase's motion for summary judgment will be granted. Counsel for Chase shall submit an appropriate form of order.

Dated:  July 19, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2]The pleadings of an adverse party are properly considered to be judicial admissions which should be considered in ruling on a motion for summary judgment. Brunet & Redish, **Summary Judgment Fed. L. & P.** (Third Ed.2006), § 8:5.

5